**Rellan Leon COOPER, Petitioner,**

v.

**R. R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A-12984.**

Court of Criminal Appeals of Oklahoma.

March 1, 1961.

Rellan Leon Cooper, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceedings by way of habeas corpus wherein petitioner attempts to secure his release from the Oklahoma State Penitentiary.

Petitioner's sole contention is that he was sentenced to five (5) years in the Oklahoma State Penitentiary upon a plea of guilty to the charge of "contributing to the delinquency of a minor". That said sentence was a denial of due process and void as the maximum sentence to be imposed upon such charge was three (3) years in the state penitentiary, or by a fine not exceeding $3,000, or by both such fine and imprisonment. Petitioner herein did not attach to his petition a copy of the information or judgment and sentence in the case upon which he is confined. However, the Attorney General filed in this cause a motion to dismiss and attached thereto a copy of judgment and sentence upon plea of guilty in two separate cases from the district court of Woodward County showing that the petitioner was sentenced in the two cases to 5 years in the Oklahoma State Penitentiary on each case, said sentences to run concurrently. The charge recited in said judgment and sentence is that of "furnishing and giving certain spirituous liquor to a minor" and not that of "contributing to the delinquency of a minor".

It is to be observed under Tit. 37 O.S.1951 § 5 that the punishment prescribed for bartering, selling, or giving to any minor any spirituous liquor is a maximum of five years in the Oklahoma State Penitentiary. Therefore it appears from the record before us that the court had jurisdiction of the person, the subject matter, and had authority under the law to pronounce the judgment and sentence.

We agree with the Attorney General that the petitioner raises no jurisdictional question supported by the record. The writ is therefore denied.